UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10325-GAO |
| | ) | |
| JON MINOTTI, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM ON PINKERTON LIABILITY**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this memorandum on the applicability of Pinkerton v. United States, 328 U.S. 640 (1946) to Count III of the Information charging the defendant with a violation of 18 U.S.C. §924(c).

At the plea hearing on October 12, 2005, the government outlined the factual and legal bases for the defendant's guilty plea on each of the four counts of the Information.  With respect to Count I of the Information charging the defendant with a conspiracy to possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §846, the government alleged that the defendant conspired with three other men (Anthony Bucci, David Jordan, and Francis Muolo) to steal three kilograms of cocaine from a drug dealer (Carlos Ruiz) and to subsequently distribute that cocaine.  Part of that conspiracy was for a Malden police detective – David Jordan – to stage a phony police interdiction at the location where the drug dealer was to deliver the cocaine to the defendant and Bucci.  When that interdiction took place, the co-conspirators agreed that the defendant would run from the scene with the three kilograms of cocaine; they would subsequently tell Ruiz that the defendant abandoned the cocaine in the woods during his flight from the police

1

officer.

The government proffered at the plea hearing that Jordan was armed with a handgun when he staged the phony interdiction, that the defendant knew Jordan to carry a firearm when he was on duty, and that the defendant could reasonably foresee Jordan's possession of a firearm during and in relation to the conspiracy to rob Ruiz of the three kilograms of cocaine.[1]

During the plea hearing the Court inquired as to the level of intent required to hold the defendant criminally responsible for Jordan's possession of a firearm in furtherance of the narcotics conspiracy and Jordan's use and carrying of the firearm during and in relation to the conspiracy. The government responded that under Pinkerton, in order to find the defendant guilty of Count III, it was only necessary to prove that Jordan's possession of the firearm in furtherance of the conspiracy was reasonably foreseeable by the defendant.[2]

In United States v. Shea, 150 F.3d 44 (1st Cir. 1998), the First Circuit upheld the application of Pinkerton liability to a charge of violating 18 U.S.C. §924(c). The district court had instructed the jury that in order to find Shea, who did not possess the weapon himself, guilty of violating section 924(c) it must find, among other things, "that the defendant could *reasonably have foreseen*

---

[1] The government also proffered that Jordan brandished his weapon when he staged the phony interdiction, and will argue at sentencing that Minotti could reasonably foresee such brandishing. The defendant, who had run from the location before Jordan stepped from his car, has not conceded that the government could prove brandishing or that he could reasonably foresee such brandishing.

[2] The government also indicated that it was proceeding under an aiding and abetting theory. However, since the requisite intent is lower under Pinkerton, there is no need for the government to rely on an aiding and abetting theory. Compare United States v. Spinney, 65 F.3d 231, 238 (1st Cir. 1995)(aiding and abetting requires "practical certainty") with United States v. Shea, 150 F.3d 44, 50 (1st Cir. 1998)(Pinkerton requires only reasonable foresight); see also United States v. Medina-Roman, 376 F.3d 1, 3-5 (1st Cir. 2004)(discussing all elements of aiding and abetting a §924(c) offense).

that the crime of using a firearm during or in relation to the attempted bank robbery might be committed by one or more of his co-conspirators" Id. at 50.  The First Circuit upheld the instruction, citing a long list of cases approving Pinkerton's applicability to violations of 18 U.S.C. §924(c).  Id.

More recently, in United States v. Flecha-Maldonado, 373 F.3d 170, 179 (1st Cir. 2004), the First Circuit held,

> The basic elements of a § 924(c)(1) violation are "(1) that the defendant committed the predicate drug trafficking crime ...; (2) that the defendant knowingly carried or used a firearm; and (3) that the defendant did so during and in relation to the specified predicate offense." *United States v. Figueroa-Encarnacion,* 343 F.3d 23, 30 (1st Cir.2003) (quoting *United States v. Currier,* 151 F.3d 39, 41 (1st Cir.1998)). We have repeatedly held that under *Pinkerton,* the defendant does not need to have carried the gun himself to be liable under § 924(c). *See, e.g., United States v. Collazo-Aponte,* 216 F.3d 163, 195-96 (1st Cir.2000), *vacated on other grounds,* 532 U.S. 1036, 121 S.Ct. 1996, 149 L.Ed.2d 1000 (2001); *United States v. Shea,* 150 F.3d 44, 50 (1st Cir.1998). So long as there is sufficient evidence that a co-conspirator carried or used a firearm in furtherance of the conspiracy and that this was reasonably foreseeable to the defendant, the defendant can be held liable as if he himself carried or used the firearm. *See Shea,* 150 F.3d at 50.

Thus, with respect to Count III of the Information, the government only needs to establish that the defendant could reasonably foresee Jordan's possession of the firearm in furtherance of the conspiracy for him to be found guilty of a violation of 18 U.S.C. §924(c).

For the foregoing reasons, the government respectfully requests that the Court accept the defendant's guilty plea on Count III of the Information.

                                        Respectfully Submitted,

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

Date: October 26, 2005          By:    /s/ John T. McNeil
                                        JOHN T. McNEIL
                                        Assistant U.S. Attorney
                                        (617) 748-3242