UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) CRIMINAL NO. | |
| v. ) 04 − 10325 − GAO | |
| ) | |
| JON MINOTTI ) | |

**DEFENDANT'S MEMORANDUM OF LEGAL PRINCIPLES
APPLICABLE TO THE COUNT 3 FACTUAL BASIS**

The court has deferred acceptance of defendant Jon Minotti's plea to Count 3 of a four count Information.  The count in question charges that Minotti used, possessed, or carried a firearm in furtherance of a drug trafficking crime.  The referenced drug trafficking crime is the Count 2 conspiracy, on or about December 24, 2004, to possess a quantity of cocaine for intended distribution.  The government asserts that in the course of that conspiracy one of the conspirators possessed a firearm.  Minotti did not himself possess, use or carry a firearm in furtherance of the Count 2 conspiracy and he did not actually witness any conspirator using, carrying or possessing a firearm in the course of or in furtherance of the conspiracy.

The applicable legal principles are well established in this Circuit. "We have repeatedly held that under *Pinkerton*, the defendant does not need to have carried a gun himself to be liable under § 924(c). [Citations omitted.] So long as there is sufficient evidence that a co-conspirator carried or used a firearm in furtherance of the conspiracy, and that this was reasonably foreseeable to the defendant, the defendant can be held liable as if he himself carried or used the firearm." *United States v. Flecha-Maldonado*, 373 F.3d

1

170, 179 (1st Cir. 2004). *See also*, *United States v. Serrano-Beauvaix*, 400 F.3d 50, 53 (1st Cir. 2005). There does appear to be any disagreement on this point among the Circuits. *See*, *Rosario v. United States*, 164 F.3d 729, 734 (2d Cir. 1998); *United States v. Ramos*, 147 F.3d 281, 286 (3rd Cir. 1998); *United States v. Wilson*, 135 F.3d 291, 305-06 (4th Cir. 1998); *United States v. Wilson*, 105 F.3d 219, 221 (5th Cir. 1997); *United States v. Wade*, 318 F.3d 698, 701 (6th Cir. 2003); *United States v. Curtis*, 324 F.3d 501, 506 (7th Cir. 2003); *United States v. Bailey*, 235 F.3d 1069, 1073 (8th Cir. 2000); *United States v. Allen*, 2005 WL2649459 (9th Cir. October 18, 2005); *Castillo v. United States*, 200 F.3d 735, 737 n. 2 (11th Cir. 2000); *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997).

Count 3 of the Information also charged Minotti as an aider and abettor in violation of 18 U.S.C. § 2. There is a substantially different legal standard for § 924(c) liability under this provision. In order to convict a defendant on a charge of aiding and abetting a violation of § 924(c), there must be sufficient evidence (1) that the defendant knew "to a practical certainty" that the firearm would be used or carried during the drug trafficking offense and (2) that the defendant took some action intending to cause the firearm to be used or carried. *United States v. Medina-Roman*, 376 F.3d 1, 6 (1st Cir. 2004).

                                                  JON MINOTTI

                                                  By his attorney,

                                                  s/ Michael J. Liston

                                                  _____
                                                  Michael J. Liston BBO# 301760
                                                  2 Park Plaza, Suite 610
                                                  Boston, MA  02116

Dated: November 2, 2005               (617) 426-2281