UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) CRIMINAL NO. <br> ) 04 − 10325 − GAO <br> ) |
| JON MINOTTI | ) <br> ) |

**DEFENDANT JON MINOTTI'S MOTION, PURSUANT TO 18 U.S.C. § 3006A(e), FOR THE PROVISION OF TRANSCRIPTS, AT GOVERNMENT EXPENSE, OF HIS TESTIMONY, THE TESTIMONY OF CARLOS RUIZ AND THE TESTIMONY OF DAVID JORDAN IN CRIMINAL ACTION NO. 04-10194 RCL**

Pursuant to 18 U.S.C. § 3006(A)(e), the defendant Jon Minotti ("Minotti"), through his court appointed attorney, requests that he be provided, at government expense, with transcripts of his testimony and the testimony of Carlos Ruiz and David Jordan given at the trial of Anthony Bucci and David Jordan in Criminal Action No. 04-10194 RCL.

Minotti has pleaded guilty to certain offenses, including a drug conspiracy charge and a charge that he used, possessed, or carried a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Minotti has not yet been sentenced.[1] The government had asserted that in the course of the drug conspiracy one of the conspirators, David Jordan, possessed a firearm. Minotti did not himself possess, use or carry a firearm in furtherance of the conspiracy and he did not actually witness any

---

[1] Minotti is currently scheduled to be sentenced on May 17, 2006, but Minotti intends to file a motion to continue the date for his sentencing and expects that the government will not object to the continuance.

1

conspirator using, carrying or possessing a firearm in the course of or in furtherance of the conspiracy. Minotti's plea to this count was based solely on a *Pinkerton* theory of responsibility. Under 18 U.S.C. § 924(c(1)(A)(i) the carrying or possession of a firearm in furtherance of a drug crime provides for a minimum five year term of imprisonment in addition to any penalty for the underlying drug crime. Under 18 U.S.C. § 924(c(1)(A)(ii), if the firearm is "brandished" the minimum mandatory additional term is "not less than 7 years."

The government takes the position that whether or not a firearm was brandished is a sentencing and not a trial issue. The government intends to take the position at Minotti's sentencing that David Jordan brandished a weapon and that it was reasonably foreseeable to Minotti that he would do so. Minotti's plea did not constitute any admission with respect to this issue and he contests both the fact of brandishing and, even if the weapon were brandished, that it was reasonably foreseeable to him that a weapon would be brandished. This is an issue of substantial significance in connection with Minotti's sentencing.

Minotti is informed and believes that Carlos Ruiz testified at trial that David Jordan brandished his weapon and that David Jordan denied that he brandished any weapon. Minotti's testimony at the trial is relevant to other sentencing issues. Provision of the trial transcripts is, therefore, reasonably necessary in connection with Minotti's sentencing.

                                              JON MINOTTI

                                              By his attorney,

                                              s/ Michael J. Liston

                                              _____
                                              Michael J. Liston BBO# 301760
                                              2 Park Plaza, Suite 610
                                              Boston, MA  02116

Dated: May 8, 2006                       (617) 426-2281

## CERTIFICATE OF SERVICE

    I, Michael J. Liston, do hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date, May 8, 2006.

                                              s/ Michael J. Liston
                                              _____
                                              Michael J. Liston