## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) **CRIMINAL NO.** |
| **v.** | ) **04 − 10325 − GAO** |
| | ) |
| **JON MINOTTI** | ) |
| _____ | ) |

## DEFENDANT'S MOTION THAT THIS CASE BE TRANSFERRED
## TO JUDGE LINDSAY'S SESSION FOR SENTENCING

The defendant Jon Minotti ("Minotti") has entered a plea to an Information filed in this session and is scheduled to be sentenced on July 13. 2006.  Minotti moves that this case be transferred to Judge Lindsay's session for sentencing.  As grounds for the motion, Minotti states:

1.  On December 24, 2003, Anthony Bucci, David Jordan, Francis Muolo and Minotti executed a planned theft of cocaine from Carlos Ruiz, a cocaine supplier.  Jordan was a Malden police officer.  Unknown to them, however, Ruiz had been under DEA surveillance and wiretaps on Ruiz's phone had put DEA on notice of the transaction that was the setting for the theft.  The charges against Minotti relate to this incident.

2.  On February 26, 2004, Ruiz was named with several others in a Criminal Complaint charging conspiracy to distribute cocaine.  This Complaint arose out of the matters for which Ruiz had been under DEA surveillance.  At the time of this Complaint, Ruiz had already been arrested in connection with other federal drug offenses in New Hampshire.

3.  On May 20, 2004, Minotti was named in a Criminal Complaint along with Bucci, Jordan, and Muolo.  Ruiz was not charged in this Complaint.  At the time of the Complaint, Minotti had already pro-actively cooperated with the government.

4.  On July 6, 2004, Bucci, Jordan and Muolo were indicted.  The case was drawn to Judge Lindsay.  *United States  v. Bucci, et al.*, Criminal Action No. 04-10194-RCL.   Minotti was not included in the indictment.  However, on October 26, 2004, Minotti was charged in the four count Information that is currently pending in this court.  In criminal cases there is no formal procedure in this district for related case assignment.

5.  On June 8, 2004, the government filed an Information against Ruiz alone and the case was assigned to Judge Saris. *United States v. Carlos Ruiz.*, Criminal Action No. 04-10175-PBS.  The Information related to Ruiz's drug activities for which he had been under investigation and not in connection with the December 24th incident.  Ruiz was not charged in a subsequent Indictment of his co-defendants in the Criminal Complaint dated February 26, 2004.  On information and belief, prior to June 8, 2004, Ruiz had agreed to cooperate with the government in connection with the charges against Bucci, Jordan, Muolo and Minotti.

6.  Ruiz pleaded guilty to the Information pending before Judge Saris under a plea agreement with the government.  On March 3, 2005, before the trial of Bucci, Jordan and Muolo and thus before Ruiz could testify for the government, Ruiz was sentenced.  Although Ruiz was subject to a minimum mandatory ten year sentence on the basis of his plea, he was determined to be safety valve eligible and was sentenced to imprisonment for 87 months.

7.  The trial of Bucci and Jordan before Judge Lindsay commenced on March 20, 2006.  Just prior to trial, Muolo entered a guilty plea to the

drug charges against him, the government undertaking to dismiss the Count 3 charge under 18 U.S.C. §924(c)(1)A)(i). Both Minotti and Ruiz testified at length for the government and were vigorously cross-examined. On April 12, 2006, after a lengthy trial the jury returned verdicts against both Bucci and Jordan on all counts.

8. As the result of Ruiz's cooperation in connection with the trial before Judge Lindsay, the government moved under Rule 35 and U.S.S.G. §5K1.1, for a reduced sentence. The hearing before Judge Saris was scheduled for April 28, 2006. At the hearing the government moved for a reduction in Ruiz's sentence from 87 months to 52 months. However, Judge Saris advised that, serendipitously, she had been informed of Ruiz's cross examination in the trial before Judge Lindsay and determined that he had not been eligible for the safety valve benefits that he received when she had sentenced him initially. Judge Saris specifically referred to the threats of violence that Ruiz directed at Minotti. Under U.S.S.G. §5C1.2(a)(2) a defendant who makes credible threats of violence in connection with an offense is not eligible for safety valve benefits. Judge Saris continued the hearing until May 23, 2006, in order to give counsel for Ruiz an opportunity to consider the extent to which Ruiz's unwarranted safety valve disposition should affect her discretion in considering a further reduction in sentencing as the result of his cooperation. At the hearing on May 23rd the government acknowledged that Ruiz was not safety valve eligible but still moved for a sentence reduction to 52 months. In the course of the hearing, Judge Saris noted the clumsiness of a system of case assignment that does not have a procedure for related case sentencing by the judge with most familiarity with the relevant sentencing factors.

9. There are two principal issues to be considered at Minotti's

sentencing.  The government insisted that Minotti's cooperation required *Pinkerton* responsibility for the Count 3 charge of carrying or possessing a weapon in connection with a drug offense in violation of 18 U.S.C. §924(c)(1)A)(i).  This offense carries a five year minimum mandatory sentence in addition to, and on and after, any sentence of imprisonment for the underlying drug offenses.  However, under 18 U.S.C. §924(c)(1)A)(ii), if a firearm is "brandished" in the course of a drug offense, the on and after minimum mandatory is increased from five to seven years.  The government takes the position that the "brandishing" enhancement is not an element of an offense, but only a sentencing factor.   Minotti's plea agreement provides in this connection, first:

> The parties agree that the mandatory minimum sentence applicable to Count 3 is at least five years and that this sentence may not run concurrently to any sentence imposed on the other counts.  The United States Attorney will take the position that the mandatory minimum is seven years because a firearm was brandished during the commission of this offense and Defendant could reasonably foresee such brandishing.

And, second:

> The parties also agree that the sentencing judge can find by a preponderance of the evidence any fact which is relevant to determining the mandatory minimum sentence under Count 3 of the Information and that the sentencing judge may consider any reliable evidence, including hearsay.

10.  In the course of the trial before Judge Lindsay, Ruiz testified that Jordan brandished a weapon.  Jordan denied brandishing a weapon.  The jury did convict Bucci and Jordan of the Count 3 charge of using or carrying a firearm in connection with a drug offense.  It made no finding, however, as to whether a weapon was brandished.  Minotti does not credit Ruiz's testimony and, in any event, takes the position that it was not reasonably

foreseeable to him that Jordan would brandish a weapon. The interdiction was intended to appear routine and Minotti had expressly advised Jordan that Ruiz did not carry a weapon.

11. The other principal issue involved in Minotti's sentencing is the measure of his substantial assistance in the trial over which Judge Lindsay presided. This encompasses the threats of harm to Minotti and his family as the result of his cooperation. These were in fact the subjects of trial testimony with which Judge Lindsay is familiar. Minotti submits that with respect to this issue, as well as with respect to the brandishing issue, Judge Lindsay is in a far better position than this court to assess the relevant factors. In addition, Judge Lindsay has already sentenced defendant Muolo and he will sentence Bucci and Jordan. The brandishing issue will be present for both of them. Judge Lindsay's familiarity with the case as the result of the lengthy trial will substantially reduce the need for any protracted evidentiary sentencing hearing.

12. This is an exceptional case. Judge Lindsay presided over a lengthy case which featured vigorous cross examination of both Minotti and Ruiz. Judge Saris's experience with her sentencing of Ruiz reflects the importance of adequate sentencing information and the unfortunate fact that such information is not always available to a judge who sentences solely on the basis of a plea. Whether or not there should be specific procedures in criminal cases, as there are in civil cases, to assign the same judge to related cases, there is good reason for Judge Lindsay to preside over Minotti's sentencing. Minotti, of course, is willing to delay his sentencing, if necessary, in order to accommodate Judge Lindsay's schedule.

For the foregoing reasons, Minotti respectfully requests that this court take whatever measures are necessary and appropriate to transfer this case to

Judge Lindsay for sentencing.

JON MINOTTI

By his attorney,

s/ Michael J. Liston

_____

Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston, MA  02116
(617) 426-2281

June 5, 2006

## CERTIFICATE OF SERVICE

I, Michael J. Liston, do hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date, June 5, 2006.

s/ Michael J. Liston

_____

Michael J.  Liston