UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 04-10325-GAO** |
| | ) | |
| **JON MINOTTI,** | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER SENTENCING**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to the defendant's motion to transfer his sentencing from this session to Judge Lindsay's session. (Doc.No. 61).

This case was drawn to this session of the Court upon the government's filing of an Information in accordance with Local Rule 40.1. At the time it filed the Information, the government provided notice to the Court on the JS45 Form that this case was related to a matter pending before Judge Lindsay.[1]  However, in keeping with its long-standing practice, the Court appears to have randomly assigned this matter to this session, rather than assign it directly to Judge Lindsay. This assignment, and the policy underlying it, apparently reflect the Court's considered decision that the random assignment of criminal cases provides substantial advantages

---

[1] In addition to noting on the JS45 Form that Minotti was charged in the same complaint as Jordan, Bucci and Muolo, the government also noted on the second page of the JS45 that the "co-conspirators were charged in CRIM NO. 04-10194-RCL."

1

over the judicial economy achieved by assigning related criminal cases to a single judge.[2]

There is nothing unique about this case which would justify its transfer to Judge Lindsay in contravention of the Court's longstanding policy and Local Rule 40.1. Neither the charges nor the facts of this case render it substantially different than the many other cases in which a cooperator's case is drawn to one judge and the case in which he testifies is drawn to another judge.

Moreover, in this case, the defendant made no motion at the time the Information was filed or at the time of his plea to transfer the matter to Judge Lindsay's session. Instead, this motion is filed after this Court has issued an order setting a final sentencing date for July 13, 2006, and one which specifically ordered that, "no further continuances will be allowed." Electronic Order dated 5/9/06.

Absent a case-specific persuasive claim from the defendant that an injustice will result if he is sentenced in this session, the Court should deny his motion to transfer sentencing to Judge Lindsay.

                                      Respectfully Submitted,

                                      MICHAEL J. SULLIVAN
                                      UNITED STATES ATTORNEY

Date: June 8, 2006            By:   *John T. McNeil*
                                      JOHN T. McNEIL
                                      Assistant U.S. Attorney
                                      (617) 748-3242

---

[2] The Local Rules make no specific provision for the transfer of a criminal case from one session to another in the same division of the district court. In the absence of some carefully articulated standard for the transfer or consolidation of a criminal case in the same division, this Court runs the risk that motions for the transfer of cases will be little more than efforts to forum-shop.

**CERTIFICATE OF SERVICE**

  I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                /s/ John T. McNeil
                JOHN T. McNEIL
                Assistant U.S. Attorney