UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
|  | ) CRIMINAL NO. |
| v. | ) 04 − 10325 − GAO |
|  | ) |
| JON MINOTTI | ) |
|  | ) |

**DEFENDANT'S MOTION FOR AN EVIDENTIARY SENTENCING HEARING**

The defendant Jon Minotti ("Minotti") is scheduled to be sentenced on July 13. 2006. On June 5, 2006, Minotti moved that his case be transferred to Judge Lindsay's session for sentencing. On June 16, 2006, this court denied the motion.

The principal grounds for the motion to transfer were that Judge Lindsay had presided over the trial at which Minotti testified for the government and was therefore in a better position to rule on the issues relevant to Minotti's sentencing. These issues are, principally, the (1) application of the factors set forth in U.S.S.G. §5K1.1 (a) (1)–(5) for determining an appropriate reduction from the advisory guidelines for Minotti's substantial assistance; and (2) whether Police Officer Jordan brandished a weapon when he confronted Carlos Ruiz ("Ruiz") on December 24, 2003. Ruiz, who also testified for the government in the trial before Judge Lindsay, is the sole source of government evidence that Detective Jordan brandished a firearm. Whether or not a firearm was

brandished will be a contested issue at Minotti's sentencing hearing. Minotti's plea agreement provides that the sentencing judge may decide the issue on a preponderance of the evidence standard and may consider any reliable evidence including hearsay.

Minotti now moves for an evidentiary sentencing hearing. Although there is a transcript of the testimony of Ruiz, the issue of brandishing a firearm was not directly implicated in the trial before Judge Lindsay and not a necessary subject for cross-examination. It was enough for the trial charges that Detective Jordan had a weapon. Brandishing is only a sentencing issue. Minotti should have an opportunity to examine Ruiz and the court should have the opportunity to observe Ruiz's testimony first hand. Minotti should also have the opportunity to examine two agents who were in the parking lot for the purpose of surveilling the anticipated drug transaction. Neither of them observed the brandishing, but the government apparently claims that they were not in a position to observe that alleged conduct − a questionable proposition when the purpose of their presence was surveillance. Minotti should also have the opportunity to examine the principal case agent with respect to the value of Minotti's cooperation. Citing office procedures, the agent declined Minotti's counsel's request for an affidavit.

Minotti faces a substantial sentence. His sentencing hearing should not be perfunctory. For the foregoing reasons as well as for the reasons advanced in the request for transfer to Judge Lindsay, Minotti requests an evidentiary sentencing hearing.

JON MINOTTI

By his attorney,

s/ Michael J. Liston

_____
Michael J. Liston BBO# 301760
2 Park Plaza, Suite 610
Boston, MA 02116
(617) 426-2281

June 22, 2006

## CERTIFICATE OF SERVICE

    I, Michael J. Liston, do hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date, June 22, 2006.

s/ Michael J. Liston

_____
Michael J. Liston